JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LIA ROSALSKY

## DEFENDANTS
CBS BROADCASTING, INC. d/b/a CBS-3
CBS PHILLY

**(b)** County of Residence of First Listed Plaintiff: 
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Weir Greenblatt Pierce LLP; 1339 Chestnut Street, Suite 500, Philadelphia, PA 19107; (215) 665-8181

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA of 1938, as amended 29 U.S.C. §§ 201, et seq.

Brief description of cause: Plaintiff asserts that she was discriminatorily paid less for performing work in the same establishment requiring substantially equal skill, effort and responsibility based on her sex and was retaliated against when she reported such discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** in excess of $75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*: JUDGE _____   DOCKET NUMBER _____

DATE: May 25, 2022

SIGNATURE OF ATTORNEY OF RECORD: s/Noah S. Cohen

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __South Philadelphia, Pennsylvania__

Address of Defendant: __New York, New York__

Place of Accident, Incident or Transaction: __Philadelphia, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/25/2022__  _____  __313849__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Noah S. Cohen__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __05/25/2022__  _____  __313849__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LIA ROSALSKY** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| v. | |
| **CBS BROADCASTING, INC. d/b/a CBS-3, CBS PHILLY** | **JURY TRIAL DEMAND** |
| **Defendant.** | |

## CIVIL COMPLAINT

Plaintiff, Lia Rosalsky, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), incorporating by reference the Equal Pay Act of 1963, 29 U.S.C. §206(d); and 28 U.S.C. §1331, and 1343.[1]

### II. The Parties

2. Plaintiff Lia Rosalsky is a female individual who resides in South Philadelphia. At all times relevant she was an employee of Defendant, within the meaning of the Fair Labor Standards Act, 29 U.S.C §203(e)(1).

3. Defendant CBS Broadcasting, Inc. is a corporation with its principal place of business at 51 West 52nd Street New York, NY 10019. Defendant is an "employer" within the

---

[1] Additionally, Ms. Rosalsky currently has a Charge of Discrimination against CBS Broadcasting, Inc., with docket number 510-2022-00447, pending at the agency level, alleging discrimination under Title VII of the Civil Rights Act of 1964.

1

meaning of the FLSA, 29 U.S.C. §§216(b) and 203(d), and is engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(i), 203(j), 206(a), and 207(a).

### III. Factual Background

4. Ms. Rosalsky began her employment with Defendant in 2013, and has been employed continuously as a per diem ("casual") writer/producer in Philadelphia since 2018.

5. Defendant maintains a tiered system of producers wherein some producers are employed as "full-time producers" while others, such as Ms. Rosalsky, are hired as "casual producers". This system is discriminatory against women, including but not limited to Ms. Rosalsky, as "casual" producers are almost exclusively women[2] and are subjected to significantly worse conditions, including but not limited to a lesser rate of pay and lack of benefits, despite working in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under identical working conditions. On several occasions, Ms. Rosalsky had more responsibility than other full-time producers, specifically when working weekend shifts, when she was responsible for assigning reporters to stories, approving, editing, and printing scripts for live newscasts.

6. Specifically, full-time producers receive the following benefits not available to casual producers: (a) higher wages, better overtime and holiday rates, raises, bonuses, paid sick and vacation leave, disability benefits, mental health support, consistent schedules, transportation reimbursement, and myriad other benefits.

7. During the period from May 2019 through March 31, 2022, at which time Defendant stopped paying her, Defendant paid Ms. Rosalsky, as a "casual producer", at rates less than the rates it paid "full-time producers".

---

[2] According to Defendant's Position Statement they have hired male casual employees since Plaintiff went on leave in October 2021.

8. All of the per diem producers Ms. Rosalsky worked alongside were also female.

9. Full-time producers are both male and female.

10. Ms. Rosalsky made it clear that she would prefer a full-time position and applied whenever one became available that she was made aware of. Ms. Rosalsky was told by the hiring manager that she lacked the "passion" that the other candidates showed.

11. Despite an excellent performance record, including nominations for several Emmys, Ms. Rosalsky was continually passed over for promotions to full-time position.

12. Ms. Rosalsky complained to various managers and union personnel regarding the unfair and discriminatory system of using female "casual" producers to do the same work for less money and worse working conditions as their counterpart male and other full-time producers.

13. Plaintiff complained to then-President and General Manager Brandin Stewart on both January 23, 2020 and March 31, 2021 regarding the discriminatory practice of having casual producers being treated significantly worse than full-time producers while doing the same work. Mr. Stewart even forwarded Ms. Rosalsky's January 23, 2020 email to the Human Resources Manager and the News Director. Ms. Rosalsky also complained to Human Resource Manager Paul Marrero on September 13, 2021 regarding her supervisor's unfair treatment toward female casual producers.

14. Ms. Rosalsky has been subjected to retaliation for her complaints about unequal pay including being scheduled for worse shifts, being singled out to work in-person during the pandemic, and not being promoted to a full-time producer position despite being more than qualified for the position.

## Count I
## Equal Pay Act

15. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 13 as if fully restated herein.

16. During the period between May 2019 and May 2022, Defendant violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Ms. Rosalsky, a woman, at rates less than the rates it pays male producers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under the same working conditions.

17. Defendant's violation of the Equal Pay Act was willful.

## Count II
## Retaliation

18. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 15 as if fully restated herein.

19. Plaintiff's complaints to Brandin Stewart, human resources, and union personnel about Defendant's practice of unequal pay, benefits, and treatment is the filing of a complaint within the meaning of the FLSA, 29 U.S.C. §215(a)(3), which incorporates by reference the Equal Pay Act.

20. Defendant did not promote Ms. Rosalsky in retaliation for her complaints in violation of 29 U.S.C. §215(a)(3).

21. Defendant's violation of the FLSA/EPA was intentional and undertaken with reckless indifference to Ms. Rosalsky's right to not be retaliated against for complaining of EPA violations.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant and the following specific relief as follows.

a) A declaratory judgment that Defendant's actions, policies, practices, and procedures complained of herein have violated Plaintiff's right as secured to her by law;

b) Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits she would have received had it not been for Defendants' illegal actions, including but not limited to lost earnings, past and future, and the value of lost bonuses and health benefits;

c) Plaintiff is to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

d) Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

e) Plaintiff is to be awarded compensatory damages, as the Court deems appropriate;

f) Plaintiff is to be awarded punitive damages, as the Court deems appropriate; and

g) Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems appropriate.

**WEIR GREENBLATT PIERCE LLP**

DATE: May 25, 2022

*s/Noah Cohen*
Noah Cohen, Esquire (PA ID 313849)
ncohen@wgpllp.com
1339 Chestnut Street, Suite 500
Philadelphia, Pennsylvania 19107
Tel: 215-665-8181
*Attorney for Plaintiff Lia Rosalsky*